Ronald D. KATT, Plaintiff—Appellant,

v.

Michael J. ASTRUE, Commissioner, Social Security Administration, Defendant—Appellee.

No. 05–55043.

United States Court of Appeals, Ninth Circuit.

Submitted March 9, 2007.*

Filed March 14, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Stephanie M. Simpson, Esq., Northridge, CA, for Plaintiff–Appellant.

Constance M. Komoroski, Esq., Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, Eric K.H. Chinn, Esq., Social Security Administration, San Francisco, CA, for Defendant–Appellee.

Before: T.G. NELSON, GRABER, and IKUTA, Circuit Judges.

## MEMORANDUM **

Claimant Ronald D. Katt filed a claim for Social Security disability benefits under Title II of the Social Security Act for the period between November 1, 1989, and January 22, 1997. The claim was denied by an administrative law judge ("ALJ"), whose denial became the final decision of the Commissioner of the Social Security Administration. Claimant sought review of that decision by the district court. The district court affirmed the denial of benefits. Claimant appeals. We review de novo. *Gillett–Netting v. Barnhart,* 371 F.3d 593, 595 (9th Cir.2004).

This case is governed by *Armstrong v. Comm'r of Soc. Sec. Admin.,* 160 F.3d 587 (9th Cir.1998), which holds that an ALJ must call a medical expert if there is ambiguity in the record regarding the onset date of a claimant's disability. "If the 'medical evidence is not definite concerning the onset date and medical inferences need to be made, SSR 83–20 requires the administrative law judge to call upon the services of a medical advisor and to obtain all evidence which is available to make the determination.'" *Id.* at 590 (quoting *DeLorme v. Sullivan,* 924 F.2d 841, 848 (9th Cir.1991)). We held that the ALJ committed reversible error by failing to call a medical expert before inferring an onset date. *Id.* at 589.

Here, the onset date of claimant's disability is in doubt, but the ALJ failed to call a medical expert. Therefore, *Armstrong* requires reversal. As we held there, the ALJ can fulfill the responsibility to create a complete record on the onset date by calling a medical expert or, if medical testimony is unhelpful, exploring lay evidence such as testimony of family members, friends, or former employers. *Id.* at 590.

REVERSED and REMANDED for further proceedings.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.