**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RONALD KATT,

        Plaintiff - Appellant,

  v.

MICHAEL J. ASTRUE, Commissioner of
Social Security Administration,

        Defendant - Appellee.

No. 10-55299

D.C. No. 2:08-cv-06796-DSF-SH

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted November 10, 2011
Pasadena, California

Before: SCHROEDER and REINHARDT, Circuit Judges, and HUDSON, District
Judge.[**]

    Ronald Katt appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Katt's application for disability

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Henry E. Hudson, United States District Judge for the
Eastern District of Virginia, sitting by designation.

insurance benefits under Title II of the Social Security Act. Katt alleged disability due to injuries sustained when he fell through a roof while working as a self-employed contractor in November, 1989. At Step 2, the Administrative Law Judge ("ALJ") found that the evidence failed to establish the existence of a medically determinable impairment that could reasonably have been expected to produce Katt's symptoms prior to December 31, 1989, Katt's last date of eligibility for Title II benefits.

This is Katt's second appeal to this court. In his first appeal, we remanded for the ALJ to call a medical expert to provide testimony regarding the onset date of Katt's disability. We stated that if the medical testimony was not helpful, the ALJ should explore lay evidence. *Katt v. Astrue*, No. 05-55043, 2007 WL 815418 (9th Cir. Mar. 14, 2007). On remand, the ALJ properly followed that order. The expert reviewed all of the medical records and information in the record, and he concluded that there was no evidence that Katt had been disabled prior to his last insured date. Indeed, the record showed that the first diagnosis of any problem took place after an automobile accident in March, 1990. The ALJ did not abuse his discretion in concluding, in effect, that lay witness testimony would not be helpful given the existing state of the record. We also note that at the hearing before the ALJ Katt represented that he could provide Veterans Administration records

2

showing a disability in the relevant time period, and that the ALJ left the record open. Katt failed, however, to produce the promised records, and the ALJ's independent attempt to secure those records was not fruitful. The decision of the ALJ is thus supported by substantial evidence, as the district court concluded. *See Robbins v. Social Security Administration*, 466 F.3d 880, 882 (9th Cir. 2006) (holding that this court will set aside a denial of benefits only if that denial is not supported by substantial evidence or is based on legal error).

The Appellee argued that this court lacked jurisdiction because Katt allegedly filed his notice of appeal past the deadline set by Federal Rule of Appellate Procedure 4(a). However, we can and do construe Katt's request for an extension of time to file a notice of appeal as the functional equivalent of a notice of appeal. *See S.M. v. J.K.*, 262 F.3d 914, 922 (9th Cir. 2001) (citing *Smith v. Barry*, 502 U.S. 244, 248 (1992)).

**AFFIRMED**.